STATE of Wisconsin, Plaintiff-Respondent,

v.

Derrick L. RIDDLE, Defendant-Appellant.

Court of Appeals

*No. 94–2672–CR. Submitted on briefs February 20, 1995.—Decided March 7, 1995.*

(Also reported in 531 N.W.2d 408.)

472

For the defendant-appellant the cause was submitted on the briefs of *Steven D. Phillips*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Derrick Riddle appeals a judgment of conviction for possession of cocaine with intent to deliver, contrary to § 161.41, STATS. Riddle, a back-seat passenger in an automobile, was arrested after a law enforcement officer discovered cocaine in the trunk of the automobile. The officer arrested the driver of the automobile and the three passengers, including Riddle. Riddle subsequently admitted that the cocaine was his and was convicted of possession with intent to deliver. Riddle now contends that his admission was the fruit of an illegal arrest because the officer did not have proba-

ble cause to arrest him. Because we conclude that there was no probable cause for Riddle's arrest, the statement must be suppressed and the conviction reversed.

On August 24, 1993, State Trooper Charles Hotvedt stopped a vehicle traveling westbound on Interstate 94 after a computer check revealed that the vehicle's Illinois registration had expired. When Hotvedt arrived at the vehicle, he found four people inside: the driver, Demetrius Morrison; the registered owner, Delmar Delaney; and two back-seat passengers, Quincy Courts and Derrick Riddle. Hotvedt issued Delaney a warning for the expired registration. He also ran a license check on Morrison and discovered that his Illinois driver's license had been suspended. Hotvedt informed Morrison that he would have to post bond at state patrol headquarters and directed the passengers to follow him in Delaney's vehicle to headquarters.

After arriving at headquarters, Hotvedt discovered that Delaney and Morrison had told inconsistent stories concerning where they had been, where they were going and what their travel plans were. Hotvedt then advised Delaney that he was concerned about movements that Riddle made immediately after Hotvedt stopped the vehicle, asked Delaney whether there were any weapons in the vehicle and requested permission to search the vehicle. Delaney denied that there were any weapons in the automobile and granted Hotvedt permission to conduct the search.

Hotvedt subsequently prepared a "consent to search" form and advised Delaney that if he did not sign the form, the vehicle would not be searched. Delaney signed the form. Hotvedt proceeded to search the interior of the vehicle, where he found an air freshener, a beeper and duct tape holding down the carpet. At Hotvedt's request, Delaney unlocked the glove com-

partment and opened the trunk. Hotvedt found an empty plastic bag in the glove compartment. He then searched the trunk and found two small balls of clear plastic containing a substance that was later identified as cocaine.

Immediately after discovering the cocaine, Hotvedt placed all four occupants of the vehicle under arrest. Three special agents with the Department of Justice, Division of Narcotics Enforcement, were called in to assist in the investigation and interrogation of the four suspects. The suspects were read their *Miranda*[1] rights and were initially interrogated individually. After approximately twenty minutes, however, a group interrogation was conducted. Each suspect was asked to repeat the story he gave during the individual interrogation in the presence of the other suspects. During this round of questioning, Riddle ultimately admitted that the cocaine was his and that he intended to sell it in Minneapolis.

Riddle moved the trial court to suppress the admission, arguing that there was no probable cause for his arrest. The trial court, however, concluded that there was probable cause and denied the motion. A jury trial was subsequently held, and Riddle was found guilty of possession of cocaine with intent to deliver, contrary to § 161.41, STATS. Riddle appeals.

Whether there was probable cause for Riddle's arrest involves the application of a constitutional standard to undisputed facts, which we review without deference to the trial court. *See State v. Guzy*, 139 Wis. 2d 663, 671, 407 N.W.2d 548, 552 (1987). Under the Fourth Amendment to the United States Constitution

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

and art. I, § 11 of the Wisconsin Constitution, an arrest is illegal unless it is supported by probable cause. *State v. Koch*, 175 Wis. 2d 684, 700, 499 N.W.2d 152, 161 (1993). "Probable cause exists where the totality of the circumstances within the arresting officer's knowledge at the time of the arrest would lead a reasonable police officer to believe that the defendant probably committed a crime." *Id.* at 701, 499 N.W.2d at 161.

While the circumstances within the arresting officer's knowledge need not be sufficient to make the defendant's guilt more probable than not, the defendant's guilt must be more than a mere possibility for the arrest to be constitutional. *State v. Paszek*, 50 Wis. 2d 619, 625, 184 N.W.2d 836, 839-40 (1971). Further, in determining whether probable cause existed, we do not look to the officer's subjective beliefs, but apply an objective standard based upon the circumstances as they were at the time of the arrest. *State v. Buchanan*, 178 Wis. 2d 441, 447 n.2, 504 N.W.2d 400, 403 n.2 (Ct. App. 1993). The State concedes that if Hotvedt did not have probable cause to arrest Riddle, his admission must be suppressed as the fruit of an illegal arrest. *See Taylor v. Alabama*, 457 U.S. 687, 690 (1982); *Dunaway v. New York*, 442 U.S. 200, 217 (1979) (confession made after illegal arrest not admissible). Therefore, the only issue is whether Hotvedt had probable cause to arrest Riddle at the time he discovered the drugs in Delaney's vehicle. We conclude that he did not.

Riddle asserts, and we agree, that there are two conceivable theories that would support his arrest: (1) He possessed the cocaine, or (2) he was an accomplice to one who did. We shall address each of these theories in turn.

Riddle did not possess the cocaine at the time of the arrest. At the time Hotvedt effectuated the arrest, Riddle was seated in the backseat of the vehicle. As a passenger, Riddle had no relationship to the cocaine that was ultimately found in the locked trunk. Riddle was not in possession of the cocaine, and he did not control the area where the cocaine was concealed. There is no indication in the record that Hotvedt had reason to believe that Riddle had a key to the trunk of the automobile or that he ever had access to the interior of the trunk. Further, Riddle never engaged in any suspicious conduct, outside of his allegedly suspicious movements while in the backseat of the vehicle. Riddle never objected to Hotvedt's stop or search of the vehicle, and he never attempted to gain access to the trunk prior to the search. In short, Riddle did not provide Hotvedt with any reasonable indication that he possessed the cocaine or had access to the location where it was concealed.

The trial court, however, found it significant that Riddle made suspicious movements as Hotvedt approached the vehicle. These movements, however, which were made as Riddle sat in the backseat of the vehicle, did not provide Hotvedt with a reasonable basis to conclude that the cocaine in the trunk belonged to Riddle. Riddle's movements had absolutely no relation to the cocaine in the trunk. Had the drugs been located in the passenger compartment of the vehicle, Riddle's movements may have been a sufficient basis to reasonably conclude that he was engaged in criminal activity. In this case, however, Hotvedt searched the passenger compartment before searching the trunk and found nothing of a criminal nature. Thus, at the time Hotvedt searched the trunk, the potential signifi-

cance of Riddle's suspicious movements was diminished, if not completely eliminated. Therefore, based on the foregoing, we conclude that the information and circumstances existing at the time of the arrest were not sufficient to provide Hotvedt with probable cause to arrest Riddle for possession of the cocaine.

Although Hotvedt did not have a reasonable basis for concluding that Riddle possessed the cocaine, he could still arrest Riddle as an accomplice if there was probable cause to believe that he was engaged in a conspiracy to possess and eventually sell the cocaine. At the time of the arrest, however, there was absolutely no evidence to establish Riddle's complicity in such an offense, other than the fact that the four individuals were traveling together in the vehicle where the cocaine was found. This fact was not sufficient to provide Hotvedt with probable cause to believe that Riddle was engaged in a conspiracy. One's companionship with an offender who is breaking the law does not provide a law enforcement officer with probable cause to arrest the companion. *See United States v. Di Re*, 332 U.S. 581, 593 (1948). "This is particularly true when, [as here], it is very possible for the criminal conduct to be occurring without the knowledge of the companion." 2 WAYNE L. LAFAVE, SEARCH AND SEIZURE 3.6(c), at 52 (West Supp. 1995).

Here, Hotvedt discovered the cocaine concealed beneath the floor mat in the trunk of Delaney's vehicle. In this situation, probable cause may have existed for Delaney's arrest because Delaney owned the car and had control over the area where the cocaine was discovered. However, this did not provide Hotvedt with

478

probable cause to arrest Delaney's companions, including Riddle. The record is devoid of any evidence that would provide Hotvedt with a reasonable basis for believing that Riddle was part of a conspiracy to possess or deliver drugs. There is no evidence that the four individuals were traveling together for the purpose of selling drugs. Further, given the fact that the cocaine was concealed beneath the floor mat in the trunk of Delaney's car, it was possible that Riddle had absolutely no knowledge that there was cocaine in the vehicle. Because Riddle was no more than a companion to one transporting the concealed cocaine in the trunk of the car, we conclude that there was no probable cause to justify Riddle's arrest.

The State, however, cites *Jackson v. State*, 643 A.2d 1360 (Del. 1994), in support of its contention that Riddle's presence in the vehicle was sufficient to provide Hotvedt with probable cause. In *Jackson*, the defendant, a passenger in a vehicle, was arrested after an officer discovered a metal pipe and marijuana in the passenger compartment of the car. *Id.* at 1363. The Delaware Supreme Court concluded that probable cause existed for the passenger's arrest, noting: "There was no way of identifying the responsible party or parties at that time, except for the fact that each individual was an occupant of the vehicle in which the contraband was found *in a non-secretive location.*" *Id.* at 1365 (emphasis added). We agree with the Delaware Supreme Court.

Had the cocaine in this case been found in the passenger compartment of the vehicle, probable cause may have existed for Riddle's arrest. However, this was not the case. Here, the cocaine was located in the locked trunk of Delaney's vehicle and was concealed in a secretive area beneath the floor mat. Additionally,

there is no evidence that Riddle had a key to the trunk or that he ever had access to the trunk. Based upon our review of the record, it appears that the only evidence Hotvedt had to link Riddle to the cocaine was the fact that he had been traveling in the backseat of the vehicle at the time of the stop. His mere presence in the backseat of the vehicle, however, is not sufficient to create probable cause that he participated, or was participating, in a criminal activity. Accordingly, we conclude that *Jackson* is not dispositive of this case and that probable cause did not exist for Riddle's arrest.

Finally, the State contends that probable cause existed to believe that Riddle was involved in criminal activity because Delaney and Morrison told inconsistent stories. This argument is without merit. The fact that either Delaney or Morrison lied to the police may create a reasonable suspicion regarding their activity, but it does not indicate that Riddle engaged, or was engaging, in criminal activity. There is no evidence that Riddle was asked any questions or made any statements prior to his arrest that would give Hotvedt a reasonable suspicion that he was involved in criminal activity. Therefore, because Hotvedt had no probable cause to arrest Riddle, we conclude that the trial court erred by failing to suppress his admission and reverse the conviction.

*By the Court.*—Judgment reversed.