COURT OF APPEALS
DECISION
DATED AND FILED

June 14, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1587-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2021CM78**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ASHLEY RAE BAKER,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Sheboygan County: DANIEL J. BOROWSKI, Judge. *Affirmed*.

¶1    LAZAR, J.[1] Ashley Rae Baker appeals from a judgment of conviction for carrying a concealed weapon in her purse without a permit in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

violation of WIS. STAT. § 941.23(2) and an order denying her motion to suppress evidence. She contends that the police officer who conducted a traffic stop on a vehicle in which she was a passenger lacked probable cause to search her purse, thereby violating her Fourth Amendment rights. This court disagrees that the search was unconstitutional and affirms Baker's conviction and the circuit court's order denying Baker's motion to suppress.

¶2 On December 31, 2020, Officer Michael Moore was on duty watching a block that was known by police to have two houses (next door to one another) in which active drug dealing had been occurring. Moore noticed people come out of one of the suspected drug houses and get into a vehicle that had parked on the block less than ten minutes earlier. He followed the vehicle, pulling it over after a short while for not having a front license plate. No one had exited or entered the vehicle after it drove away from the drug houses.

¶3 Moore requested an additional officer and a K9 unit before he initiated contact with the vehicle. When he did make contact, he discovered that Baker was in the front passenger seat and that a male was driving the vehicle. Moore did not observe anything (odor or items in plain view, for example) that would have raised his suspicion as to the presence of drugs. While he was completing the citation in his police car, however, the K9 unit arrived on the scene and alerted for drugs in the vehicle. Both individuals had stepped out of the vehicle prior to the K9 unit's arrival.

¶4 Moore returned to the driver. In response to questioning, the driver indicated that there was a small amount of marijuana inside the vehicle. Moore then searched the vehicle and found approximately a half gram of marijuana in the center console area, a marijuana grinder (an item of paraphernalia) near the gear

shifter, and marijuana "shake" (small loose pieces of marijuana) "spread throughout the vehicle." In the backseat there were also sandwich bags with marijuana shake inside of them, of the type sometimes used to package marijuana for delivery. Moore then searched the driver and found an additional gram of marijuana in a blunt inside the driver's pocket.

¶5 At that point, Moore returned to Baker, who had been waiting outside of the vehicle—holding her purse—during the K9 search and while Moore had been searching the driver. He was waiting for a female officer to arrive to search her person, but he asked her to set her purse on the trunk of the vehicle. Moore proceeded to search the purse, and immediately saw a handgun inside of it. Baker admitted that she did not have a concealed carry weapon license as required by WIS. STAT. § 941.23(2); indeed, as a nineteen-year-old, she was prohibited from having a license to carry a concealed weapon. *See* WIS. STAT. § 175.60(3)(a).

¶6 The State charged Baker with one count of carrying a concealed weapon without a license. Baker filed a motion to suppress the evidence, asserting that Moore did not have a legal basis to search her purse without a warrant. At the hearing on Baker's motion, Moore was the sole witness. He testified to the facts above and stated that his search of the purse was based on the "totality of everything," including his observation of Baker coming out of a house known for drug activity and the marijuana found in the vehicle. He expressed a concern for "the potential for any concealment of other items," saying that "any time that someone gives us a breadcrumb" it could be "to deter finding the loaf of bread." He further noted that he believed Baker may have had paraphernalia or drugs on her person or with her, because (in addition to the shake found throughout the

vehicle) the marijuana found in the center console area "would have … been essentially under her left elbow" while she was in the front passenger seat.

¶7    The circuit court denied Baker's motion to suppress. Acknowledging that this was a close case, it determined that Moore needed "probable cause to believe that [Baker had] committed a crime and that there [was] evidence of crime in the purse" in order to be able to search Baker's purse. It concluded that the totality of the circumstances—that Baker had a short-term visit with a known drug house, marijuana had been found throughout the vehicle in which she was riding, and paraphernalia had been found adjacent to both her and the driver—were sufficient to find probable cause that Baker had committed the crime of drug possession and that evidence of the crime was in her purse. Ultimately, "there is that nexus between the defendant and the drugs in the car."

¶8    Baker appeals the denial of her motion and her conviction, which was based on the no contest plea she entered following denial of the motion to suppress. She asserts that the court was wrong in admitting evidence from Moore's search of her purse because Moore lacked probable cause. According to Baker, the search was unconstitutionally based on a "hunch" and the evidence against the driver was impermissibly "transferred to Ms. Baker simply by association."

¶9    The question of whether there was probable cause "is a question of constitutional fact involving the application of … constitutional principles which this court reviews independently of the conclusions of the circuit court." *State v. Mitchell*, 167 Wis. 2d 672, 684, 482 N.W.2d 364 (1992). Thus, we begin with the constitutional principles that govern lawful searches. A warrantless search violates the Fourth Amendment of the federal Constitution and Article I,

4

Section 11 of the Wisconsin Constitution unless the search falls under an exception to the warrant requirement. *See* *State v. Howes*, 2017 WI 18, ¶¶3, 23, 373 Wis. 2d 468, 893 N.W.2d 812.

¶10 One such exception is a search incident to arrest. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. Sykes*, 2005 WI 48, ¶14, 279 Wis. 2d 742, 695 N.W.2d 277. Our supreme court has explained that whether the search takes place just before or just after an arrest is not important; what matters is that "probable cause to arrest must have existed independent of the fruits of the search of the suspect's person." *Sykes*, 279 Wis. 2d 742, ¶16 (citing *Rawlings v. Kentucky*, 448 U.S. 98, 111 & n.6 (1980)). Nor does the arrest need to be for the crime on which probable cause was premised. *See Sykes*, 279 Wis. 2d 742, ¶22. In *Sykes*, for example, our supreme court affirmed the constitutionality of a search incident to arrest where the officer had probable cause to believe the defendant had committed criminal trespass but was never arrested for that crime—he was instead arrested on a drug crime based on evidence found during the search. *Id.*

¶11 The quantum of evidence required for probable cause to arrest is that which would "lead a reasonable police officer to believe that the defendant probably committed or was committing a crime." *State v. Secrist*, 224 Wis. 2d 201, 212, 589 N.W.2d 387 (1999) (citations omitted). "There must be more than a possibility or suspicion that [the] defendant committed an offense, but the evidence need not reach the level of proof beyond a reasonable doubt or even that guilt is more likely than not." *Mitchell*, 167 Wis. 2d at 681-82. Whether probable cause exists is fact intensive, depending heavily on the circumstances of an individual case. *Secrist*, 224 Wis. 2d at 212.

¶12     Because probable cause requires a belief not only that a crime was or is being committed, but that it was or is being committed by a particular defendant, it is helpful to look at cases in which (as in Baker's situation) there is more than one person involved. The *Mitchell* case is instructive. That case involved an officer's arrest of an individual who was in a parked vehicle with another person after the officer smelled and saw marijuana smoke in the vehicle. 167 Wis. 2d at 683-84. Our supreme court reasoned that "[t]he fact that there were two occupants in the vehicle is not fatal to a finding of probable cause to arrest defendant because probable cause does not mandate that it is more likely than not that the defendant committed the offense." *Id.* at 684. To the extent one party takes the blame and tells an officer that he or she is solely to blame, the officer is not required to believe that party. *See State v. Kutz*, 2003 WI App 205, ¶12, 267 Wis. 2d 531, 671 N.W.2d 660 ("When a police officer is confronted with two reasonable competing inferences, one justifying arrest and the other not, the officer is entitled to rely on the reasonable inference justifying arrest.").

¶13     We must apply these principles to the facts of Baker's case, none of which are disputed on appeal. Baker was seen leaving a house known for active drug activity after a ten-minute visit and was riding in a car that had marijuana and drug paraphernalia throughout, including approximately one half gram of marijuana and a marijuana grinder between her and the driver—"essentially under her left elbow." We agree with the circuit court's assessment that this evidence is sufficient to establish a "nexus between the defendant and the drugs in the car." This is not a case of guilt by association—which could be said if, for example, the only marijuana found prior to the search of Baker's purse had been the marijuana blunt in her companion's pocket—but rather a case where Moore's belief that Baker was committing the crime of possessing marijuana was reasonable under

the totality of the circumstances. *Cf.* ***State v. Riddle***, 192 Wis. 2d 470, 477-78, 531 N.W.2d 408 (Ct. App. 1995) (finding no probable cause to arrest backseat passenger of vehicle ultimately found to have cocaine in its locked trunk because there was no nexus of possession or control between the defendant and the cocaine).

¶14 Baker cites ***United States v. Di Re***, 332 U.S. 581 (1948), characterizing it as "near-comically analogous" to her case. We disagree. In ***Di Re***, the Supreme Court held that a search of a person was unconstitutional where his arrest was based only on being a passenger in a vehicle in which the driver sold counterfeit gasoline ration coupons to a government informant seated in the backseat. 332 U.S. at 586-87. There was no contraband found in the car in that case that could have belonged to either the driver or the passenger (or both); in fact, there was no search of the vehicle. *Id.* at 586. In addition, the nature of ration tickets is such that if the defendant "had witnessed the passing of papers from hand to hand, it would not follow that he knew they were ration coupons," let alone counterfeit ones. *Id.* at 593. Unlike the ration coupons in ***Di Re***, the marijuana and paraphernalia in the vehicle at issue here was spread throughout the vehicle and in close proximity to Baker. It could have belonged to either passenger (or both) and it would have been unreasonable not to appreciate both its unlawful nature and the fact that it was there.

¶15 In summary, we conclude that the circuit court did not err in ruling that the fruit of Moore's search—the gun found in Baker's purse—was admissible. Under the totality of the circumstances, there was probable cause to arrest Baker for possession of marijuana prior to the search, and therefore, the order and judgment of conviction are affirmed.

7

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.